[No. 1234.]

HUGH RUTHERFORD *v.* THE STATE.

1. INDICTMENT for an offense against the laws of this State must allege the proper name of the party injured, if such name is known to the grand jury; if not known, it should allege that fact.
2. SAME.—Where the party injured is known by two or more names, an indictment which alleges either is sufficient to charge the offense.
3. SAME—EVIDENCE.—The indictment alleged that the name of the injured party was A. R., and she so testified upon her examination.    The defense proposed, upon cross-examination, to prove that her name was not A. R. at the time of the filing of the indictment.    Upon the State's objection, the court excluded the evidence upon the ground that it sought to prove that she had changed her name by marriage, and that it was not offered to prove that she was another person than that named in the indictment. *Held,* that the ruling was erroneous.    See the opinion *in extenso* on the question.
4. ASSAULT AND BATTERY—INTENT to injure is an essential element to constitute the offense of assault and battery.
5. EVIDENCE.—See the opinion *in extenso* for evidence held insufficient to sustain a conviction for assault and battery.

APPEAL from the District Court of Franklin. Tried below before the Hon. B. T. Estes.

The indictment charged the appellant, as an adult male, with an aggravated assault upon one Ann Rutherford, a female. The punishment awarded by the jury, by a verdict of guilty, was a fine of twenty-five dollars.

The appellant's motion for a new trial set up that the " court erred in permitting the district attorney to amend the indictment;" the amendment being in the caption of the indictment, as to the term of court; that the court erred in rejecting evidence of the proper name of the injured party; that the court erred in the charge, which, in effect, instructed the jury that the defendant was an adult male, and the prosecutrix a female; that the court erred in refusing instruction asked that the proof must show the defendant to be an adult male, and the prosecutrix a female, and that the striking was done in anger, and that the verdict was against the law and the evidence, and insufficient to support the judgment." This motion was overruled, and this appeal prosecuted.

*S. O. Moodie,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J. The appellant was charged with, and convicted of, an assault and battery upon one Ann Rutherford.

Upon the trial, Ann Rutherford swore that her name was Ann Rutherford, the name alleged in the indictment. The defendant offered to prove by her that at the time of the filing of the indictment her name was not Ann Rutherford, but another name. The State objected, and the court sustained the objection, upon the ground that the evidence sought was not for the purpose of showing that the person assaulted was a different *person,* but that she had changed her name by marrying.

We understand that the party assaulted must be named; and, if the grand jury does not know the name of the party, that fact shall be stated. What name must be given? Evidently that which the party had at the time of the assault. If a person is known by two or more names, to state either will be sufficient. We think the proposed evidence was admissible.

The court below seems to be of the opinion that if it be the

same person the name would be immaterial. If that view be correct, it would follow that the indictment could charge an assault upon John Smith, and, although the party assaulted was named William Jones, there would be no variance if the person was the same. Such a doctrine would supersede the necessity of stating the name altogether. In fact, it would be better for defendant not to state any name, for, indeed, by such an indictment, though not informed of the party upon whom the assault is charged to have been made, he would not be misled.

The appellant moved for a new trial, upon the ground that the evidence did not support the verdict. There was but one witness, who swore as follows: "I knew defendant about the time mentioned in the indictment. I had some words with the defendant. He pushed me down. I don't know that he was mad. I was not mad. And this was in Franklin county."

On cross-examination, the witness stated: "We were not mad. My name is Ann Rutherford. I married Joel Rutherford, a step-son of the defendant."

Was there an assault or an assault and battery shown by this evidence? To constitute an assault and battery there must be an *intent to injure*. This must appear from the facts and circumstances surrounding the transaction. There is not a fact attending this case which tends to show this intent, except pushing the prosecutrix down. If in anger, this would be ample evidence of the intent to injure. The evidence, however, shows there was no anger. Can we infer the intent to injure from this act alone? A pushed B down. Does it follow that A is guilty of an assault? By no means. It may have been an accident, or in play. Here the State must show, by some other fact attending the act, the intent to injure. This intent can be presumed from the fact of an actual injury to the person charged to have been assaulted in this manner, where an injury *is caused by* violence to the person. This is not a conclusive presumption. The effect is to cast the burden on the defendant to show the accident or the innocent intention. The injury may be either bodily pain, constraint, a sense of shame, or other disagreeable emotions of the mind. None of these were sworn to by the witness. We are of the opinion that the evidence does not support the verdict, and that the new trial should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 28, 1882.